FILED

AUG 11 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S1-4:21CR00186 AGF (NAB) |
| ERIC WILLIAMS, a/k/a "Emo," | ) ) ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged in Count 1 with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), possession with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1). *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

2. Count 1 of the Superseding Indictment triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(3)(A) and (3)(B). There are

1

no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. The defendant is currently on home detention under the supervision of a United States Probation Officer with the most restrictive of conditions. The defendant has clearly demonstrated that there are no conditions that would prevent him from committing other offenses and further endangering the community.

### The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a controlled substance. The defendant is charged with an offense involving a large quantity of methamphetamine, therefore the first of the § 3142(g) factors weighs in favor of detention.

4. In March 2021, investigators learned that the defendant was supplying narcotics to major drug dealers in the St. Louis area and in April, investigators received court authorization to intercept communications over telephones used by the defendant. Investigators first intercepted calls related to the distribution of methamphetamine and later intercepted calls during which the defendant discussed the distribution of fentanyl and other narcotics. The defendant was actively directing the distribution of narcotics and the collection of narcotics proceeds from various locations around the United States between March and July 24, 2021. The calls led to the seizure of large quantities of methamphetamine, cash, and other narcotics.

### The Weight of the Evidence Against the Defendant

5. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

6. The defendant is involved in a long-term drug trafficking conspiracy and was responsible for the coordination of the delivery of large quantities of narcotics from California to

Michigan, Kentucky, Missouri and elsewhere. On April 12, 2021, the District Court for the Eastern District of Missouri authorized the interception of wire and electronic communications over a telephone used by the defendant. While monitoring that phone and others used by the defendant, agents intercepted numerous telephone calls and text messages between the defendant and co-conspirators discussing the sale of methamphetamine and other narcotics.

7. Because the weight of the evidence against the defendant is strong, the second of the § 3142(g) factors weighs heavily in favor of detention.

### The History and Characteristics of the Defendant

8. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

9. The defendant has a lengthy history of criminal behavior, including violence, that began when he was just 14 years old. In 2007, the defendant was a passenger in a vehicle that fled from the police. After an officer rammed the car to get it to stop, the defendant pointed a loaded weapon at the officer and raised the gun toward the officer's windshield. After pointing the gun at the officer, the defendant was chased by law enforcement, officers fired shots, and a co-conspirator was shot. The defendant was convicted of assault with a dangerous weapon, resisting a police officer and carrying a concealed weapon. The defendant remained incarcerated and was paroled on January 4, 2011.

10. A month after being placed on parole, the defendant absconded. On April 23, 2011, a manager at a jewelry store in Pennsylvania contacted the police about a suspicious person.

Officers responded and found the defendant who fled upon their arrival. The defendant was found in possession of stolen property that had been taken in the robbery of Jared jewelry stores. The defendant pled guilty to criminal conspiracy and receiving stolen property and was sentenced to 11 ½ to 23 months imprisonment. The defendant remained incarcerated until December 30, 2013.

11.     The defendant failed to report to his probation/parole officer in Pennsylvania.

12.     Beginning in late 2014 and continuing to early 2015, the defendant participated in a conspiracy to commit robberies in multiple states. The robberies were planned by the defendant and others living in the Detroit, Michigan area. The participants drove from Michigan to various jewelry stores and broke in and used sledgehammers to destroy the jewelry cases and take the jewelry. The defendant was convicted in connection with a robbery of a jewelry store on February 3, 2015 in Erie, Pennsylvania. The defendant and his co-conspirators first attempted to rob a jewelry store in Victor, New York; however, they were confronted by an armed security guard who drew his weapon and attempted to detain one of the participants. Undeterred, the defendant and his co-conspirators decided to rob the jewelry store in Pennsylvania on their way home. The defendant financed the robbery and others.

13.     The defendant's prior criminal history, past conduct, history related to drugs, and his repeated commission of criminal offenses while on court supervision are factors that weigh heavily in favor of detention. The defendant's conduct demonstrates that he is a significant danger to the community and a flight risk.

### The Nature and Seriousness of the Danger to the Community

14.     The danger to the community is significant. During the course of the investigation, large quantities of narcotics have been distributed in the Eastern District of Missouri and elsewhere

4

at the defendant's direction. Violence is common, if not expected, in drug trafficking organizations dealing with so much drugs and so much money.

15.     The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

16.     There is a serious risk that the defendant will flee. The defendant has a history of absconding and failing to comply with conditions of release.

### Conclusion

17.     The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community. Furthermore, there is a preponderance of evidence that the defendant is a flight risk.

        Respectfully submitted,
        SAYLER A. FLEMING
        United States Attorney

        */s/ Jeannette S. Graviss*
        JEANNETTE S. GRAVISS #44483MO
        Assistant United States Attorney