UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   S1 4:21-CR-00186-AGF-NAB |
| | ) | |
| ERIC WILLIAMS (2), | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

All pretrial matters in this cause have been referred to the undersigned pursuant to 28 U.S.C. §636(b).  September 2, 2021, the Government filed a Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act [Doc. 44] pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (ii).  In support of the motion, the Government stated that:

1. This case involves a long-term drug trafficking conspiracy in which three defendants are named in one or more of the five counts.

2. The government estimates that the trial in this case could last more than two weeks depending upon the number of defendants electing to proceed to trial. A more accurate estimate can be made when the number of defendants electing to go to trial has been determined.

3. The discovery in this case is voluminous and involved the Title III wiretaps over eight cellular telephones. Each of the defendants was intercepted over one or more of the cellular telephones during the time that that they were monitored. The discovery in the case includes several hundred pages of documents and more than one thousand wiretap intercepts. Additionally, there are multiple suppressible

events that occurred during the investigation including the seizure of cash and/or narcotics from several members both charged and uncharged in the conspiracy.

4. The government has been working on the investigation for some time and would be prepared to try this case within the time limits set forth under the Speedy Trial Act. However, the government recognizes that in light of the nature of the conspiracy charges, and the court-ordered electronic surveillance, it is unreasonable to expect the defense to have adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

5. Additional time would likely assist defendants and defense counsel in fully reviewing discovery, preparing for trial and/or completing plea negotiations with the government.

6. Pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(i) and (ii) and for all the foregoing reasons, the United States requests this Court to make specific findings that the trial of this matter should be continued past the limits set by the Speedy Trial Act because the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial, the case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and the failure to exclude this period would likely result in a miscarriage of justice.

On November 9, 2021, this matter came before the undersigned for an attorneys-only status conference.  At the conference, Defendant Eric Williams's attorney stated on the record that they had no objection to the Government's motion.

For the reasons set out in the Government's motion and on the record at the status hearing, the Court will grant the Government's motion and make a complex case finding as to Defendant *Eric Williams*.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act [Doc. 44] is **GRANTED**.

**Speedy Trial Finding:** For the reasons set out in the Government's motion, the Court finds that the case is a "complex case" as defined in Title 18, United States Code, Section 3161(h)(7)(B)(ii).  In addition, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i), the trial of this matter should be continued past the limits set by the Speedy Trial Act because the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial, the case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings, and the failure to exclude this period would likely result in a miscarriage of justice.

**IT IS FURTHER ORDERED** that the deadline for Defendants to file pretrial motions, or notices of intent not to file pretrial motions, will be set at a later date.

_____

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of November, 2021

3